# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CONTINENTAL BANK,<br><br>          **Plaintiff,**<br><br>v.<br><br>**THE HEAG PAIN MANAGEMENT CENTER, PA and KWADWO GYARTENG-DAKWA,**<br><br>          **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:19-cv-00952**<br><br>**Judge Dale A. Kimball** |

This matter is before the court on Defendants The Heag Pain Management Center, PA and Kwadwo Gyarteng-Dakwa's Motion to Dismiss Plaintiff Continental Bank's complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Because the court concludes that oral argument would not significantly aid in its determination of the motion, the court issues the following Memorandum Decision and Order based on the memoranda submitted by the parties and the law and facts relevant to the motion.[1]

## BACKGROUND

Plaintiff Continental Bank ("Continental") is a Utah corporation with its principal place of business in Salt Lake City, Utah. Defendant The Heag Pain Management Center, PA ("Heag") is a North Carolina corporation, and Defendant Kwadwo Gyarteng-Dakwa ("Dakwa") is a medical doctor who resides in North Carolina. Dakwa is the exclusive owner of Heag.

---

[1] After Plaintiff filed an opposition to Defendants' motion, Defendants never filed a reply memorandum, and the timeframe for doing so has since passed. As such, the court considers Defendants' motion to be fully briefed.

In November 2017, Heag, through Dakwa, entered into a Finance Agreement (the "Agreement") as the debtor, with Blue Star Capital, Inc. dba Matrix Business Capital ("Matrix") as the secured party.  Pursuant to the Agreement, Heag obtained $97,900 to finance the purchase of certain medical equipment.  Importantly, Dakwa executed an Unconditional Guaranty of Performance (the "Guaranty") for Heag's obligations under the Agreement.  Furthermore, Dakwa gave verbal confirmation to Matrix by phone of his assent to the material terms of the Agreement.  In order to secure the credit through Matrix, Dakwa provided copies of his driver's license, Form K-1, bank statements, and a void check from Heag.  Immediately after entering into the Agreement, Matrix assigned its rights and interests in the Agreement to Targeted Lease Capital LLC ("Targeted").

After entering into the Agreement, Heag purchased the medical equipment, which was delivered to its office in January 2018.  Later that month, Targeted conducted an on-site inspection of the medical equipment at Heag's office and verified that it was new, in good condition, and satisfied Heag's expectations.  A few days later, Targeted assigned the Agreement to Continental.  Notably, Section 19 of the Agreement contains a forum-selection clause, which specifically addresses assignments and provides, in relevant part: "In the event this Agreement is assigned by us, [Heag] consent[s] to the jurisdiction of the state and federal courts of assignee's principal place of business."

After Targeted's Assignment to Continental, Heag made direct monthly payments to Continental at its office in Utah for nineteen months, with Heag making its September and October 2019 payments by cashier's checks made payable to Continental.  Heag also obtained and paid for insurance and named Continental as an additional insured loss payee under the policy.

In August 2019, Heag called Continental to request information related to the Agreement. Over the following weeks, Heag and Continental exchanged several emails and letters regarding the Agreement.  Then, in October 2019, Heag communicated with Continental that it would discontinue making payments under the Agreement.  Due to Heag's failure to continue making payments under the Agreement, Continental initiated the instant suit in December 2019 and asserted four causes of action: (1) breach of the Agreement; (2) breach of the Guaranty; (3) replevin; and (4) unjust enrichment.

## DISCUSSION

Defendants now move to dismiss Continental's complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.  When a court's jurisdiction is contested, "the plaintiff bears the burden of establishing personal jurisdiction over the defendant."  *See Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 456 (10th Cir. 1996) (quoting *Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir. 1984), *cert. denied*, 471 U.S. 1010 (1985)).  However, a "plaintiff need only make a prima facie showing of personal jurisdiction to defeat [a motion to dismiss]."  *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1159 (10th Cir. 2010).  The court accepts the well-pleaded allegations of the plaintiff's complaint as true unless the defendant contradicts those allegations in affidavits. *Kennedy v. Freeman*, 919 F.2d 126, 128 (10th Cir. 1990); *see Associated Elec. & Gas Ins. Serv. Ltd. v. Am. Int'l Grp., Inc.*, No. 2:11CV368 DAK, 2012 WL 256146, at *2 (D. Utah Jan. 27, 2012) ("[T]he party attempting to establish personal jurisdiction may rely on the allegations in the complaint only to the extent they are uncontroverted by the defendant's affidavits.").  If parties submit conflicting affidavits, the court resolves any factual disputes in the plaintiff's favor.  *Kennedy*, 919 F.2d at 128.

3

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014).  Utah's long-arm statute extends jurisdiction to the fullest extent allowed by the Due Process Clause of the Fourteenth Amendment.  Utah Code Ann. § 78B-3-201(3).  Under the due process clause, a court may exercise jurisdiction over a defendant if (1) the defendant purposefully established minimum contacts with the forum, and (2) the assertion of personal jurisdiction comports with traditional notions of fair play and substantial justice.  *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)).

Courts recognize two types of personal jurisdiction: general and specific.  In order to support general jurisdiction, the defendant's contacts "with the State [must be] so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co.*, 326 U.S. at 317).  Here, Defendants are not "essentially at home" in Utah given that Heag is a North Carolina corporation with its principal place of business in North Carolina, and Dakwa is a medical doctor who resides and practices in North Carolina.  The court will therefore turn to specific personal jurisdiction.

Specific jurisdiction, on the other hand, is case specific.  *Old Republic*, 877 F.3d at 904. Courts in the Tenth Circuit conduct a three-part analysis when considering specific jurisdiction: (1) whether the defendant purposefully directed its activities at residents of the forum state; (2) whether the plaintiff's claims arise out of those activities; and (3) whether the court's exercise of jurisdiction would be reasonable.  *Id.*  The purposeful direction requirement cannot be fulfilled by "[r]andom, fortuitous, or attenuated contacts . . . [or] the unilateral activit[ies] of another party or third person."  *Id.* at 904–05 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475

(1985)).  Rather, purposeful direction requires that the defendant's "suit-related conduct . . . [creates] a substantial connection with the forum state."  *Walden v. Fiore*, 571 U.S. 277, 284 (2014); *see Goodyear*, 564 U.S. at 919 (finding that specific jurisdiction "depends on an affiliation between the forum and the underlying controversy"); *Dudnikov v. Chalk & Vermilion Fine Arts*, 514 F.3d 1063, 1072 (10th Cir. 2008) (finding defendant purposefully directs its actions at the forum state if it is aware "that the brunt of the injury would be felt in the forum state").  Therefore, the forum state should be the "focal point both of the story and the harm suffered."  *Walden*, 571 U.S. at 287.

Beyond the distinction between general and specific, cases involving forum-selection clauses add an additional layer to analyzing personal jurisdiction.  The United States Supreme Court has noted that "because the personal jurisdiction requirement is a waivable right, there are a variety of legal arrangements by which a litigant may give express or implied consent to the personal jurisdiction of [a] court."  *Burger King*, 471 U.S. at 473 n.14 (internal quotation marks omitted).  For instance, "particularly in the commercial context, parties frequently stipulate in advance to submit their controversies for resolution within a particular jurisdiction," and "[w]here such forum-selection provisions have been obtained through 'freely negotiated' agreements and are not 'unreasonable and unjust,' their enforcement does not offend due process."  *Id.* (quoting *The Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15 (1972)).  Therefore, "forum selection clauses are prima facie valid and should be enforced unless shown to be unreasonable."  *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1344 (10th Cir. 1992) (internal quotation marks omitted) (citing *The Bremen*, 407 U.S. at 10).

In this case, Defendants argue that Dakwa was the victim of identity fraud wherein his credentials were unlawfully affixed to the Agreement.[2]  Nevertheless, Dakwa argues that the court lacks personal jurisdiction over him because he has never visited Utah; he is not licensed to practice medicine in Utah; he has never seen patients in Utah; he has never solicited nor transacted any business in Utah; he has never contracted to supply goods or services in Utah; and he has never contracted to insure any person, property, or risk located in Utah.

Despite their contentions, the court concludes that it can properly exercise personal jurisdiction over Defendants.  The court reaches this conclusion for several reasons.  To start, Continental has made a prima facie showing of personal jurisdiction sufficient to defeat Defendants' motion.  Continental has alleged that Defendants directed numerous activities at and transacted business with Continental in the State of Utah by, among other things, (1) making monthly payments directly to Continental for nineteen months and mailing two physical checks to Continental in Utah; (2) exchanging multiple written communications and at least one phone call with Continental regarding the Agreement; and (3) notifying Continental through a letter that they mailed to Utah that they would no longer make monthly payments under the Agreement. The court finds those allegations to be sufficient to establish that Defendants purposefully directed their activities at Continental in Utah.  Moreover, it is clear that Continental's claims arise out of those activities.  And although Defendants have contradicted Continental's allegations claiming, by affidavit, that someone stole Dakwa's identity, the court must resolve factual disputes in Continental's favor.  The court therefore concludes that Continental's allegations are sufficient to defeat Defendants' motion.

---

[2] On August 26, 2019, Defendants filed a police report with the Greensboro Police Department regarding the alleged identity fraud.

In addition, the court concludes that exercising personal jurisdiction in this case is reasonable.  Given the number of payments Defendants made to Continental in Utah, and considering the communications between the parties, both by email, mail, and telephone, Defendants could have reasonably assumed that they would be hailed into court in the State of Utah.  Accordingly, the court finds personal jurisdiction to be both fair and reasonable in this case.

Lastly, the court finds that personal jurisdiction is also proper in this case under the terms of the forum-selection clause.  Again, although Defendants dispute the legitimacy of the Agreement and the forum-selection clause contained therein, the court must resolve factual discrepancies in Continental's favor.  If the court were to conclude otherwise, any defendant could avoid a forum-selection clause by merely advancing claims of fraud.  Nevertheless, given the early stage of this case and the well-pleaded allegations contained in Continental's complaint, the court concludes that personal jurisdiction is proper, and Defendants' motion must be denied.

## CONCLUSION

Based on the above reasoning, Defendants' Motion to Dismiss for lack of personal jurisdiction is hereby DENIED.

DATED this 14th day of May, 2020.

BY THE COURT:

DALE A. KIMBALL
United States District Judge