IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CONTINENTAL BANK,<br><br>    Plaintiff,<br>v.<br><br>THE HEAG PAIN MANAGEMENT CENTER, PA, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO STRIKE JURY DEMAND<br><br>Case No. 2:19-cv-952 DBB<br><br>District Judge David B. Barlow<br><br>Magistrate Judge Dustin B. Pead |

Pending before the court is Plaintiff Continental Bank's Motion to Strike Defendants' Demand for Trial by Jury.[1] (ECF No. 30.) As set forth below the court will grant the motion.

BACKGROUND

In 2017 Defendant The Heag Pain Management Center (Heag), and Defendant Kwadwo Gyarteng-Dakwa (Dakwa), entered into a Lease Agreement and Guaranty with Blue Star Capital, Inc., that was doing business as Matrix Business Capital. The Finance Agreement and Guaranty were subsequently assigned to Plaintiff in January 2018. Plaintiff asserts the agreements were breached and seeks compensation. (ECF No. 2.) As part of its defense against the Complaint, Defendants allege they did not authorize their signatures on the agreements and their signatures were fraudulently used. Defendants also bring a Third-Party Complaint against other individuals and entities asserting negligence, fraud, civil conspiracy, unjust enrichment and a breach of fiduciary duty. (ECF No. 24.)

---

[1] This matter is referred to the undersigned pursuant to 28 U.S.C. § 636 (b)(1)(A) from the district judge. Under DUCivR 7-1(f) the court elects to decide the motion on the basis of the written memoranda.

Relevant here is Section 19 of the Finance Agreement, which states in bold and capitalized print, "YOU AND WE EACH HEREBY WAIVE TRIAL BY JURY IN ANY ACTION, PROCEEDING, CLAIM OR COUNTER CLAIM WHETHER IN CONTRACT OR TORT, AT LAW OR IN EQUITY, ARISING OUT OF OR IN ANY WAY RELATED TO THIS AGREEMENT." Finance Agreement p. 3, ECF No. 2-2, (emphasis omitted). In a similar way, the Guaranty states in capitalized print, YOU AND WE EACH WAIVE TRIAL BY JURY IN ANY ACTION RELATING TO THE AGREEMENT OR THIS GUARANTY." *Id.* Both agreements are signed by Defendant Dakwa.

## DISCUSSION

The Tenth Circuit has specified that the right to a jury trial in federal courts is governed by federal law. *See Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835, 837 (10th Cir. 1988); *see also, Simler v. Conner*, 372 U.S. 221, 221–22, 83 S.Ct. 609, 609–10, 9 L.Ed.2d 691 (1963) (per curiam) (providing that the jury trial right is controlled by federal law to insure uniformity in exercise required by the seventh amendment). "Agreements waiving the right to trial by jury are neither illegal nor contrary to public policy." *Telum*, 859 F.2d at 837; *see also Leasing Serv. Corp. v. Crane*, 804 F.2d 828, 832 (4th Cir.1986) (right to jury trial, although fundamental, may be knowingly and intentionally waived by contract); *K.M.C. Co. v. Irving Trust Co.*, 757 F.2d 752, 755 (6th Cir.1985) (considering it "clear that the parties to a contract may by prior written agreement waive the right to jury trial").

Plaintiff argues the parties waived, by written agreement, any right to a jury trial and that agreement should be upheld. Defendants, in contrast, seek to invalidate the jury waiver provision arguing they were the victims of fraud and never intended to enter into a second agreement or Guaranty. Thus by extension, the jury waiver clauses were neither voluntary nor knowingly

entered into. Defendants cite to *Telum, Inc. v. E.F. Hutton Credit Corp.* 859 F.2d 835 (10th Cir. 1988) in support of their arguments.

In *Telum*, the trial court declined to enforce a jury waiver provision in a lease agreement based on the defendant's fraud in the inducement claim. On appeal, the Tenth Circuit reversed this decision, finding the trial court "erred in failing to enforce the jury waiver provision of the contract without proof that the waiver provision was itself fraudulently induced." *Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d at 837. While *Telum* provides guidance in determining whether the jury trial waiver provision here is valid, *Telum* does not offer substantial support to Defendants' position. In fact, similar to *Telum*, Defendants here fail to offer proof that the jury waiver provision was itself fraudulently induced, which undermines their position.

This court has previously noted that usually courts have "refused to enforce jury waiver provisions only when there is a gross disparity in bargaining power or the waiver is inconspicuous." *TFG-N. Carolina, L.P. v. Performance Fibers, Inc.*, No. 2:08 CV 942 TC DN, 2009 WL 1415968, at *1 (D. Utah May 15, 2009) (citing *Telum*, 859 F.2d at 837). On the record before it, the court finds there is no indication of a gross disparity in bargaining power or that the waiver is inconspicuous. The jury waiver in the Lease Agreement was in bold print and capitalized and the jury waiver in the Guaranty was also capitalized. Further, Defendants' Third-Party Complaint brings suit against those who Defendants "relied [on] to their detriment", Answer and Third-Party Complaint p. 7, ECF No. 23, and is based on principles of agency. There is nothing in Defendants' pleadings contesting the authority to enter into the purported first lease agreement or guaranty. And, Defendants' allegations of fraud in reference to the second one, just like the fraud in the inducement claim brought in *Telum*, are not enough to undermine the jury waiver clause.

Accordingly, the court GRANTS Plaintiff's Motion to Strike Defendants' Demand for Trial by Jury.

DATED this 22 July 2020.

_____
Dustin B. Pead
United States Magistrate Judge